**Joel Velazquez GARCIA; Evangelina Flores Trujillo, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75412.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 15, 2007.

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Carol Federighi, Esq., Kristin K. Edison, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Joel Velazquez Garcia and Evangelina Flores Trujillo, natives and citizens of Mexico, petition for review of the order of the Board of Immigration Appeals affirming an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's physical presence determination for substantial evidence, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004), and review due process challenges de novo, *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003). We deny the petition for review.

■ To demonstrate physical presence for the statutory period, petitioners needed to prove their continuous presence beginning in 1990. *See* 8 U.S.C. § 1229b(d)(1) (ten years). Petitioners' testimony that they were both in Mexico for approximately six months in 1995 constitutes substantial evidence to support the IJ's conclusion that they failed to maintain continuous physical presence for the requisite period. *See* 8 U.S.C. § 1229b(d)(2) (stating that an applicant for cancellation of removal fails to maintain continuous physical presence if the applicant "has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days").

ed by 9th Cir. R. 36–3.

534

We have considered petitioners' due process contention and find it unpersuasive. *Cf. Munoz*, 339 F.3d at 954 ("Since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.